IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY : | |
| : | |
| **Plaintiff** : | |
| v. : | CASE NO.: |
| : | |
| UNLIMITED ENERGY SERVICES, LLC : | COMPLAINT |
| : | |
| and : | |
| : | |
| AMERICAN ENERGY PARTNERS, INC. : | |
| : | |
| and : | |
| : | |
| BRAD DOMITROVITSCH : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

COMES NOW Plaintiff, American Southern Insurance Company, ("ASIC" and/or "the Surety"), and for its Complaint against Defendants, Unlimited Energy Services, LLC, American Energy Partners, Inc. and Brad Domitrovitsch (hereinafter collectively, "Indemnity Defendants" and/or "the Indemnitors"), alleges and avers as follows:

### PARTIES

1. ASIC is a corporation duly organized and existing under the laws of the State of Kansas with its principal place of business in Atlanta, Georgia. At all times relevant hereto, ASIC is authorized to issue performance and payment bonds in the Commonwealth of Pennsylvania.

2. Defendant, Unlimited Energy Services, LLC, ("Unlimited"), is a Ohio Limited

Liability Company with its principal place of business at 528 Industrial Park Road, June Lew, West Virginia.

3. Defendant, American Energy Partners, Inc., ("AEP"), is a corporation organized and existing under the laws of the State of Colorado with its principal place of business in Allentown, Pennsylvania.  Upon information and belief, AEP recently changed its name to American Environmental Partners, Inc.

4. Defendant, Brad Domitrovitsch, ("BD"), is an adult individual and a citizen of Pennsylvania where he resides and is domiciled.

## JURISDICTION & VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 because (i) there is an actual controversy between the parties, (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (iii) there is complete diversity between the parties.

6. Venue is proper in this jurisdiction because a substantial part of the events and omissions giving rise to ASIC's cause of action occurred in this district.

## COUNT I
## THE SURETY v. INDEMNITY DEFENDANTS
## INDEMNIFICATION & REIMBURSEMENT

7. On or about January 24, 2023, Indemnity Defendants executed a certain General Agreement of Indemnity, (hereinafter referred to as the "Indemnity Agreement" and/or "the GIA"), whereby, in consideration of the Surety furnishing bonds on behalf of Unlimited,  the Indemnity Defendants agreed to, inter alia, save harmless and indemnify the Surety for any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind

or nature which the Surety may incur in consequence of having executed or procured the execution of any bonds issued on behalf of Spartan including attorneys fees and expenses incurred in enforcing the obligations of any of the Indemnity Defendants under the Indemnity Agreement.  *See Exhibit A.*

8. In consideration of and reliance on the execution of the Indemnity Agreement, the Surety issued Performance and Payment Bonds including but not limited to Bond Nos. 70341, 70969, 70975 and 70979 ("Subject Bonds"), naming Unlimited, as Principal in connection with various contracts relating to projects respectively described therein.

9. Subsequent to the issuance of the Subject Bonds, Unlimited began its work on the projects.

10. Thereafter, the Surety received claims in excess of $320,682.67, (the "Claims"), against the Subject Bonds issued in favor of Unlimited seeking to secure performance and/or recover damages associated with the failure of Unlimited to satisfy its obligations under the various agreements which were secured by the Subject Bonds.

11. As a consequence of having issued the Subject Bonds, the Surety has incurred losses and expenses in excess of $320,682.67 in connection with the Claims.

12. The Surety continues to incur losses and fees, costs of investigation and other expenses to enforce the obligations of the Indemnitors, all of which continue to accrue.

13. Despite repeated demand from the Surety, the Indemnity Defendants have failed and refused to cooperate or otherwise perform their obligations as expressly set forth in the Indemnity Agreement.

**WHEREFORE**, Plaintiff, ASIC, demands judgment against Unlimited Energy Services,

LLC, American Energy Partners, Inc. and Brad Domitrovitsch for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bonds, and for such further relief as the Court deems just and proper.

## COUNT II
## THE SURETY v. UNLIMITED ENERGY SERVICES, LLC
## COMMON LAW INDEMNIFICATION

14.     The Surety incorporates by reference the allegations in paragraphs 1 through 13 as though the same were set forth at length hereinafter.

15.     ASIC, as surety is entitled to common law indemnification from the Principal, Unlimited, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature of which arise by reason or in consequence of having issued the Subject Bonds.

16.     Accordingly, upon demand from ASIC, Unlimited, as Principal, is required to indemnify and reimburse ASIC in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and other expenses incurred by reason or in consequence of having issued the Subject Bonds.

17.     Despite ASIC's repeated demands, Unlimited has failed and refused to cooperate or otherwise perform their obligations pursuant to the Indemnity Agreement to indemnify and hold harmless ASIC in connection with the demands, settlement, liabilities, losses, costs, damages, attorneys' fees and expenses in connection with the Subject Bonds.

WHEREFORE, Plaintiff, American Southern Insurance Company, demands judgment against Defendants, Unlimited Energy Services, LLC, American Energy Partners, Inc. and Brad Domitrovitsch, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bonds, and for such further relief as the Court deems just and proper.

### COUNT III
### THE SURETY v. INDEMNITY DEFENDANTS
### SPECIFIC PERFORMANCE

18. The Surety incorporates by reference the allegations in paragraphs 1 through 17 as though the same were set forth at length hereinafter.

19. Pursuant to the Indemnity Agreement, the Indemnitors, agreed to, *inter alia,* post security in the event that claims or demands were made against the Surety by reason of the issuance of the Subject Bonds and, in this regard, agreed to post cash or collateral security satisfactory to the Surety in an amount sufficient to indemnify the Surety up to the full amount demanded.

20. Despite demand, the Indemnity Defendants have failed and refused to perform their obligations pursuant to the Indemnity Agreement to post cash or collateral security. *See* Exhibit B.

21. Accordingly, the Surety requests this Honorable Court enter a decree of specific performance directing the Indemnity Defendants, to perform in accordance with the Indemnity Agreement and post collateral in the amount of $150,000.

**WHEREFORE**, Plaintiff, American Southern Insurance Company, demands judgment against Defendants, Unlimited Energy Services, LLC, American Energy Partners, Inc. and Brad Domitrovitsch, to specifically perform their obligations to fully indemnify the Surety and/or, during the pendency of the instant action, to post cash or collateral security in the amount of $150,000 with American Southern Insurance Company.

## COUNT IV
## THE SURETY v. INDEMNITY DEFENDANTS
## <u>EXONERATION</u>

22. The Surety incorporates by reference the allegations in paragraphs 1 through 21 as though the same were set forth at length.

23. As set forth above, the Indemnity Agreement provides that the Indemnity Defendants agreed to indemnify and hold the Surety harmless from and against any and all *liability*.

24. Such clauses have been construed as giving rise to a right of contractual exoneration and required the Indemnitors to exonerate the Surety from all claims of liability arising by consequence of having issued the Bonds.

25. The Indemnity Defendants have failed and refused to exonerate the Surety in accordance with the terms of the Indemnity Agreement despite demand to do so.

26. As a direct and proximate result of this failure, the Surety has suffered damages in an amount exceeding $320,682.67.

**WHEREFORE**, Plaintiff, American Southern Insurance Company, demands judgment against Defendants, Unlimited Energy Services, LLC, American Energy Partners, Inc. and Brad Domitrovitsch, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses

of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bonds, and for such further relief as the Court deems just and proper.

## COUNT V
## THE SURETY v. UNLIMITED ENERGY SERVICES, LLC
## COMMON LAW EXONERATION

27. The Surety incorporates by reference the allegations in paragraphs 1 through 26 as though the same were set forth at length.

28. ASIC, as surety, is entitled to common law exoneration from the Principal, Unlimited, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature of which arise by reason or in consequence of having issued the Subject Bonds.

29. Accordingly, upon demand from ASIC, Unlimited as the Principal is required to exonerate, indemnify and reimburse ASIC in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses incurred by reason or in consequence of having issued the Subject Bonds.

30. ASIC, has suffered damages as a result of the aforementioned claim of liability in connection with which, pursuant to the Indemnity Agreement, ASIC is entitled to common law exoneration from the Principal, Unlimited.

31. Despite ASIC repeated demands, Unlimited, has failed and refused to cooperate or otherwise perform its obligations pursuant to the Indemnity Agreement to indemnify and exonerate ASIC in connection with the demands, settlement, liabilities, losses, costs,

damages, attorneys fees and expenses in connection with the Subject Bonds.

**WHEREFORE**, Plaintiff, American Southern Insurance Company, demands judgment against Defendants, Unlimited Energy Services, LLC, American Energy Partners, Inc. and Brad Domitrovitsch, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Subject Bonds, and for such further relief as the Court deems just and proper.

        **DEVLIEGER HILSER, P.C.**

        */s/ Paul T. DeVlieger*
        **PAUL T. DEVLIEGER, ESQUIRE**
        **1518 Walnut Street, 16th Floor**
        **Philadelphia, PA 19102**
        **T: (215) 735-9181**
        **F: (215) 735-9186**
        **E:** pdevlieger@dvhlaw.com
        *Attorneys for Plaintiff,*
        *American Southern Insurance Company*

Dated: September 29, 2025